Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIPE LUNA MORALES, and<br>PORFIRIO VASQUEZ SANCHEZ, | Case No.: **20 CV 4917** |
| Plaintiffs,<br>-against- | **COMPLAINT in an<br>FLSA ACTION** |
| BIK MARKET, INC.<br>dba SPROUT MARKET;<br>and BANG KEUN LEE, individually, | ECF Case |
| Defendants. | |

Plaintiffs, Felipe Luna Morales and Porfirio Vasquez Sanchez ("Plaintiffs"), by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, BIK Market, Inc., *doing business as* Sprout Market, located at 984 Broadway, Brooklyn, New York 11221; and Bang Keun Lee, individually (all defendants collectively referred to herein as the "Defendants"), and state as follows:

### INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and, 1337, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

### THE PLAINTIFFS

5. Plaintiffs are adult residents of New York City.

6. Plaintiff Felipe Luna Morales was an employee of "Sprout Market", through corporate entities, located at 984 Broadway, in Kings County, New York, between May 2017 and September 4, 2020.

7. Plaintiff Porfirio Vasquez Sanchez was an employee of "Sprout Market", through corporate entities, located at 984 Broadway, in Kings County, New York, between July 2017 and September 8, 2020.

### THE DEFENDANTS

8. At relevant times, Defendant, BIK Market, Inc., doing business as Sprout Market, was and is a domestic business entity organized and existing under the laws of the State of New York, located at 984 Broadway, Brooklyn, New York 11221.

2

9. Defendant Bang Keun Lee is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant, who actively participated, and continues to participate in the day-to-day operations of the corporation, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with BIK Market, Inc., dba Sprout Market.

10. The individual defendant Bang Keun Lee, exercised control over the terms and conditions of Plaintiffs' employment in that he had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of their employees' employment.

11. At all times relevant to this action, Defendant Bang Keun Lee, created and implemented crucial business policies, including decisions concerning the number of hours the employees were required to work, the amount of pay that the employees were entitled to receive, and the method and manner by which the employees were to be paid.

12. Defendant Bang Keun Lee exercised sufficient control over Sprout Market's day-to-day operations as to be considered an employer of the Plaintiffs, under the FLSA and New York Labor Law.

13. Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendant, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on

goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of not less than $500,000.

14. Defendants employed Plaintiffs in Kings County, New York.

15. The work performed by Plaintiffs was directly essential to the grocery store business operated by the corporate and individual Defendants.

16. At relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

17. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs, lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

18. The corporate defendant operates a grocery store called "Sprout Market" in New York City.

## STATEMENT OF FACTS

### a. Plaintiff Felipe Luna Morales

19. Plaintiff, Felipe Luna Morales, was employed by Defendant BIK Market Inc., in Kings County, New York, as a sales person, general attendant, and flower arranger in the floral section at Sprout Market, beginning in May 2017 through September 4, 2020, without interruption.

20. During his employment, Plaintiff Felipe Luna Morales worked over forty (40) hours per week.

21. Throughout his employment, Plaintiff Felipe Luna Morales worked six (6) days per week. He was scheduled to work 8:00 a.m. to 5:30 p.m., or sometimes later, with a thirty (30)

minute break. He worked a nine (9) hour shift six (6) days per week, for a total of at least fifty-four (54) hours per week.

22. Throughout his employment, Plaintiff Felipe Luna Morales was paid a weekly salary of seven hundred twenty dollars ($720.00), the equivalent of an hourly rate of $13.33, for all hours worked.

23. Plaintiff Felipe Luna Morales was not paid hourly for all hours worked; his designated hourly rate was below the New York State minimum wage, and he was not paid "overtime compensation" at time and a half the applicable minimum wage for work in excess of forty (40) hours each week.

24. Plaintiff Felipe Luna Morales was not paid any wages for his final two (2) days of work.

### b. Plaintiff Porfiro Vasquez Sanchez

25. Plaintiff, Porfirio Vasquez Sanchez, was employed by Defendants as a general helper in the produce section, at defendants' grocery store businesses located in Brooklyn, beginning in or around July 2017, through September 8, 2020, without interruption.

26. During his employment, Plaintiff Porfirio Vasquez Sanchez worked over forty (40) hours per week.

27. Throughout his employment, Plaintiff Porfirio Vasquez Sanchez worked six (6) days per week. He was scheduled to work 8:00 a.m. to 5:30 p.m., or sometimes later, with a thirty (30) minute break. He worked a nine (9) hour shift six (6) days per week, for a total of at least fifty-four (54) hours per week.

28. Throughout his employment, Plaintiff Porfirio Vasquez Sanchez was paid a weekly salary of seven hundred twenty dollars ($720.00), the equivalent of an hourly rate of $13.33, for all hours worked.

29. Plaintiff Porfirio Vasquez Sanchez was not paid hourly for all hours worked; his designated hourly rate was below the New York State minimum wage, and he was not paid "overtime compensation" at time and a half the applicable minimum wage for work in excess of forty (40) hours each week.

30. At times, Plaintiffs Felipe Luna Morales and Porfirio Vasquez Sanchez were paid partly by check and partly by cash.

31. Plaintiffs worked directly for the corporate and individual Defendants.

32. Both Plaintiffs were paid less than minimum wage, since at least January 2019.

33. At all times throughout their employment, work performed above forty (40) hours per week was not paid at time and one-half the applicable minimum wage, as required by state and federal law.

34. Plaintiffs were not provided with true and accurate wage statements, detailing their hours worked, hourly rate of pay, the basis for their compensation, itemizing any withholdings, and setting forth their net pay.

35. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State minimum wage or overtime rate (of time and one-half) to Plaintiffs for work performed over forty (40) hours in a workweek.

36. Plaintiffs were not provided an accurate "wage statement" or pay stub with their weekly compensation.

## STATEMENT OF CLAIM
### COUNT I
**[Violation of the Fair Labor Standards Act]**

37. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "36" of this Complaint as if fully set forth herein.

38. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

40. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

41. Plaintiffs worked hours for which they were not paid minimum wages.

42. Plaintiffs were entitled to be paid at the rate of time and one-half the applicable minimum wage, for all hours worked in excess of forty (40) each workweek.

43. The Defendants failed to pay Plaintiffs wages for all hours worked, minimum wages, and overtime compensation, at all relevant times, in the lawful amount for all hours worked.

44. At all relevant times, the Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

45. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiffs.

46. The Defendants have failed to make, keep and preserve accurate records with respect to Plaintiffs and other employees, sufficient to determine the wages, hours and other conditions and practices of employment, in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

47. Records concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs may be false or inaccurate.

48. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

49. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

50. Due to the unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

51. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

52. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "51" of this Complaint as if fully set forth herein.

53. At all relevant times Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

54. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for all hours worked.

55. The corporate and individual Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

56. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants unpaid minimum wages; unpaid overtime wages; unpaid "spread of hours" premiums; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

57. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day (i.e., a "wage notice").

59. Plaintiffs were not provided with a proper, written, wage notice, as required by law.

60. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

61. Defendants did not provide Plaintiffs, with accurate written statement properly accounting for their actual hours worked and setting forth their true hourly rate of pay, regular wages, and/or overtime wages.

62. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

63. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

64. Plaintiffs were not provided with true and accurate wage notices or wage statements as required by law.

65. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

66. Defendants' failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

67. As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiffs may recover damages of one hundred dollars for each work week Defendants failed to provide Plaintiffs with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

68.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, respectfully request that this Court grant the following relief:

(a)     An award of unpaid wages, minimum wages, and overtime due under the FLSA and New York Labor Law;

(b)     An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(c)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d)     An award of prejudgment and post-judgment interest;

(e)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(f)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       October 13, 2020

Respectfully submitted,

CILENTI & COOPER, PLLC
**Counsel for Plaintiffs**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
pcooper@jcpclaw.com

By: _____
    Peter Hans Cooper (PHC 4714

11

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:  Bang Keun Lee

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Felipe Luna Morales and Porfirio Vasquez Sanchez intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of BIK Market, Inc., located at 984 Broadway, Brooklyn, New York 11221, for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporation, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
       October 13, 2020

Respectfully submitted,

By: _____
    Peter H. Cooper (PHC 4714)
    CILENTI & COOPER, PLLC
    **Counsel for Plaintiffs**
    10 Grand Central
    155 East 44th Street – 6th Floor
    New York, NY 10017
    Telephone  (212) 209-3933
    Facsimile (212) 209-7102
    E-mail: pcooper@jcpclaw.com

12

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Felipe Luna Morales_, am an employee currently or formerly employed by _Sprout Market_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_October 13_, 2020

_Felipe Luna_

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Porfirio Vasquez Sanchez__, am an employee currently or formerly employed by __Sprout Market__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
October 13, 2020